UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANE ROBERT DONOVAN,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>NEVADA, STATE OF, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-00099-MMD-WGC<br><br>ORDER |

　　　　This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a former state inmate. On March 4, 2021, the Court issued a screening order allowing some of Plaintiff Shane Donovan's claims to proceed and dismissing other claims without prejudice and with leave to amend. (ECF No. 6 at 7.) The screening order also directed Donovan to file a non-prisoner application to proceed *in forma pauperis* with the Court or pay the full $400.00 filing fee within 30 days. (*Id.* at 6.) The 30-day period has now expired, and Donovan has not filed a non-prisoner application to proceed *in forma pauperis*, or otherwise responded to the Court's order.

　　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. United States.*

*Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W. Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Donovan to file a non-prisoner application to proceed *in forma pauperis* with the Court within 30 days expressly stated: "It is further ordered that, if Plaintiff fails to timely file an application to proceed *in forma pauperis* by a non-prisoner or pay the full filing fee, the Court will dismiss this case without prejudice." (ECF No. 6 at 7.) Donovan thus had adequate warning that dismissal would result from noncompliance with the Court's order to file a non-prisoner application to proceed *in forma pauperis* or pay the filing fee within 30 days.

///

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Shane Donovan's failure to file a non-prisoner application to proceed *in forma pauperis* or pay the $400.00 filing fee in compliance with the Court's March 4, 2021 order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 15th Day of April 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE